■ BRENT LEE, Appellant, v CITY OF NEW YORK et al., Respondents. [836 NYS2d 688]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated May 11, 2006, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained injuries after jumping up, grabbing, and pulling down the gate of a freight elevator in order to close it manually after his coworker purportedly told him that the elevator gate and doors were not working. None of the four passengers in the elevator had tried pushing the button to electronically close the gate and doors, and there were two other freight elevators in the vicinity that the plaintiff could have used. The plaintiff commenced this action alleging that the defendants were negligent in maintaining the elevator.

The defendants established their prima facie entitlement to summary judgment by producing evidence that the elevator doors and gate were functioning properly before and after the accident, and that, even if a defect existed, they did not have actual or constructive notice of any such defect (*see Johnson v Nouveau El. Indus., Inc.*, 38 AD3d 611, 612 [2007]; *Carrasco v Millar El. Indus.*, 305 AD2d 353, 354 [2003]; *cf. Gilbert v Kingsbrook Jewish Ctr.*, 4 AD3d 392, 393 [2004]). In order to defeat the defendants' motion, the plaintiff was required to raise a triable issue of fact with evidence in admissible form (*see DePodwin & Murphy v Fonvil*, 38 AD3d 827 [2007]). The only evidence that the electronic pushbutton was not functioning, however, was the plaintiff's statement in his deposition that his coworker told him it was not working. Contrary to the contention of the plaintiff, that hearsay statement was not admissible as an excited utterance because it was not made under the stress of excitement caused by an external event (*see People v Johnson*, 1 NY3d 302, 305-306 [2003]). Nor is it admissible as a present sense impression because there is no evidence that the coworker was describing the alleged nonfunctioning of the pushbutton as he was perceiving it and, moreover, there was no evidence corroborating his statement (*see People v Vasquez*, 88 NY2d 561, 574-575 [1996]).

Moreover, the conclusory and speculative affidavit of the

plaintiff's expert was without probative value (*see Canales v Hustler Mfg. Co.*, 12 AD3d 392, 393 [2004]).

Thus, the plaintiff failed to raise a triable issue of fact in opposition to the defendants' prima facie establishment of their entitlement to judgment as a matter of law. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Spolzino, J.P., Florio, Skelos and McCarthy, JJ., concur.