■ STEPHEN CILINGER, Individually and as Father and Natural Guardian of DOGUKAN CILINGER, et al., Appellants, v ARDITI REALTY CORP., et al., Respondents. [911 NYS2d 75]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered June 29, 2009, as granted that branch of the motion of the defendant D&D Elevator Maintenance & Repair, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and granted that branch of the cross motion of the defendants Arditi Realty Corp. and Mayerhauser Realty, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

The defendants Arditi Realty Corp. (hereinafter Arditi) and Mayerhauser Realty, Inc. (hereinafter Mayerhauser), own and manage a building located on Glover Avenue in Yonkers. The building's elevator was maintained by the defendant D&D Elevator Maintenance & Repair, Inc. (hereinafter D&D), pursuant to a contract with Arditi and Mayerhauser. The plaintiffs Stephen Cilinger and Nazlihan Cilinger, and their 2½-year-old son, Dogukan Cilinger (hereinafter Dogukan), lived in the building. On March 8, 2000, at about 8:30 P.M., the family entered the building's elevator in order to get to its apartment. Dogukan's foot became wedged between the floor of the elevator cab and the exterior wall. The elevator doors closed, and the elevator began moving. Ultimately, the Yonkers Fire Department freed Dogukan's foot. City of Yonkers senior elevator inspector Louis Giovannetti inspected the elevator that night and the next day, and found it to be functioning properly. He concluded that the child's foot was so small that the interior elevator door was able to close enough so as to allow contact between the door and the gate switch at the top of the door, which caused the elevator to begin moving.

The plaintiffs commenced this action against Arditi, Mayer-

hauser, and D&D in May 2000, alleging that the elevator had been negligently maintained. D&D moved, and Arditi and Mayerhauser cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In opposition, the plaintiffs submitted the affidavit of C. Stephen Carr, a practicing engineer with 40 years of experience in the elevator industry, who stated that the accident occurred because the gap between the elevator cab and the floor was excessive, and because the gate switch needed to be adjusted. Carr did not inspect the elevator itself, and based his conclusions on violations found with respect to the elevator almost $1^1/_2$ years after the accident.

The Supreme Court awarded summary judgment to the defendants. The plaintiffs appeal.

To establish that a building owner is liable for an elevator-related injury, a plaintiff must establish that there was a defect in the elevator, and that the building owner had actual or constructive notice of the defect (see *Lee v City of New York*, 40 AD3d 1048, 1049 [2007]). If the owners hire an elevator maintenance company to maintain the elevator, liability can be found against the owners if they received notice of a defect and failed to notify the elevator company about it (see *Oxenfeldt v 22 N. Forest Ave. Corp.*, 30 AD3d 391, 391-392 [2006]).

Here, Arditi and Mayerhauser demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by submitting the record and affidavit of Giovannetti, who inspected the subject elevator the day after the accident and found it to be functioning properly. In opposition, the plaintiffs submitted Carr's affidavit. However, Carr did not inspect the elevator, and based his opinion on an inspection by a third party that took place almost $1^1/_2$ years after the accident. Furthermore, Carr failed to articulate exactly how the cab switch had been misadjusted. He merely stated, in a conclusory fashion, that it was misadjusted and that this misadjustment was a cause of the accident. Carr did not state what the proper adjustment would have been, or how the defendants deviated from that proper adjustment. Conclusory expert opinions are insufficient to raise a triable issue of fact in opposition to a motion for summary judgment (see *Brady v Bisogno & Meyerson*, 32 AD3d 410 [2006]).

D&D also demonstrated, prima facie, its entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. "An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has

knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]; *see Hudson v Tower El.*, 60 AD3d 906, 907 [2009]). Here, the evidence established that there was no defective condition that D&D could have discovered through the exercise of reasonable care (*see Lee v City of New York*, 40 AD3d at 1049). The plaintiffs failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Moreover, the Supreme Court properly ruled that the plaintiffs could not rely on the doctrine of res ipsa loquitur, as the plaintiffs failed to demonstrate that either defendant had exclusive control of the elevator (*see generally Dermatossian v New York City Tr. Auth.*, 67 NY2d 219 [1986]), or that the accident was one that would not ordinarily occur in the absence of someone's negligence (*cf. DiPilato v H. Park Cent. Hotel, L.L.C.*, 17 AD3d 191, 192 [2005]; *Gurevich v Queens Park Realty Corp.*, 12 AD3d 566, 567 [2004]; *Coku v Millar El. Indus., Inc.*, 12 AD3d 340 [2004]).

Therefore, the Supreme Court properly awarded summary judgment dismissing the complaint to the defendants. Covello, J.P., Leventhal, Hall and Roman, JJ., concur.