■ NADIA DOS SANTOS et al., Appellants, v POWER AUTHORITY OF STATE OF NEW YORK, Respondent, and STUART DEAN Co., INC., Appellant. [924 NYS2d 558]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered April 1, 2010, as, in effect, granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each

of those defendants and denied their cross motion for summary judgment on the issue of liability, and the defendant Stuart Dean Co., Inc., separately appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the cross claim for contractual indemnification asserted against it by the defendant Power Authority of the State of New York and granted that branch of the motion of the defendant Power Authority of the State of New York which was for summary judgment on that defendant's cross claim against it for contractual indemnification.

Ordered that the order is reversed insofar as appealed from by the defendant Stuart Dean Co., Inc., on the law, that branch of the motion of the defendant Power Authority of the State of New York which was for summary judgment on its cross claim for contractual indemnification against the defendant Stuart Dean Co., Inc., is denied, that branch of the motion of the defendant Stuart Dean Co., Inc., which was for summary judgment dismissing that cross claim is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiffs; and it is further,

Ordered that one bill of costs is awarded to the defendant Power Authority of the State of New York, payable by the plaintiffs, and one bill of costs is awarded to the defendant Stuart Dean Company, Inc., payable by the defendant Power Authority of the State of New York.

On January 18, 2006, the injured plaintiff, Nadia Dos Santos (hereinafter Dos Santos), attempted to enter an office building at 127 Main Street in White Plains through one of the two revolving doors. As Dos Santos entered the doorway, however, a wing of the revolving door collapsed into another wing, sandwiching her between the two wings and allegedly injuring her. Dos Santos and her husband, suing derivatively (hereinafter together the plaintiffs), commenced this action against the owner of the building, the Power Authority of the State of New York (hereinafter the Power Authority), and Stuart Dean Co., Inc. (hereinafter Stuart Dean), which, pursuant to a contract with the Power Authority (hereinafter the contract), was responsible for semiannual inspections and maintenance of the building's revolving doors. Stuart Dean asserted a cross claim for contribution against the Power Authority, which, in turn, asserted a cross claim for, inter alia, contractual indemnification against Stuart Dean. After discovery was completed, each of the parties moved, among other things, for summary judgment dismissing the complaint insofar as asserted against each of

them. The Supreme Court, inter alia, granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court also granted that branch of the Power Authority's motion which was for summary judgment on its cross claim for contractual indemnification against Stuart Dean and denied that branch of Stuart Dean's motion which was for summary judgment dismissing that cross claim. The plaintiffs appeal and Stuart Dean separately appeals from those parts of the order as are adverse to each of them.

The evidence showed that Stuart Dean had last inspected and performed maintenance on the door approximately seven weeks before Dos Santos was allegedly injured. The wings of the door had never previously collapsed before Dos Santos's accident. There was also evidence that the wings of the revolving door were designed to collapse in a book-fold position when sufficient pressure was applied, in order to avoid the shattering of the glass or to facilitate quick evacuation of the building. The degree of pressure necessary for a design collapse could be adjusted and calibrated. The plaintiffs alleged that the defendants were negligent in their maintenance of the door, relying, in part, on the doctrine of res ipsa loquitur.

A landowner may be held liable in tort to a plaintiff injured because of a defective or dangerous condition on the premises when the landowner either created the condition or had actual or constructive notice of its existence in time to remedy it before the plaintiff's injury (see Walsh v Super Value, Inc., 76 AD3d 371, 375 [2010]; Fontana v R.H.C. Dev., LLC, 69 AD3d 561 [2010]). Since the wings in the door had never collapsed in this manner before, the defendants did not have either actual or constructive notice of the allegedly dangerous condition, so the plaintiffs necessarily relied on the theory that the defendants caused the dangerous condition themselves.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them. Stuart Dean submitted evidence that it had completed a semiannual inspection of the door seven weeks before the door collapsed and that the door had not collapsed at any time prior to the time of Dos Santos's injury. Indeed, Dos Santos testified at her deposition that in the five years she had worked in the building, she had never heard of anyone else being injured in a like manner or of the doors malfunctioning. Stuart Dean also submitted evidence from an expert that the maintenance work had been performed properly and according to the accepted industry field technique. There

was also evidence, including from Dos Santos herself, that on the day of the incident, a strong wind prevailed in the area of the building's entryway. One witness had testified at his deposition that the other revolving door, next to the first one, collapsed into a book-fold position, and that a cigarette receptacle was blown over by the force of the wind. The Power Authority established that it had not performed any maintenance itself on the revolving door. Thus, the defendants established, prima facie, that the door collapsed, as designed, because of the high wind, rather than as the result of negligence.

In opposition, the plaintiffs failed to establish the existence of a triable issue of fact. In particular, the only evidence submitted as to the negligent maintenance of the revolving door was the affidavit of an expert who had not inspected or measured the calibration of the revolving door to determine the collapsible pressure setting of the door, and did not cite any industry or manufacturers' standards as to what the appropriate minimum collapsible pressure should have been. As such, his opinion that the pressure had been set too low was conclusory and, therefore, insufficient to raise a triable issue of fact (see *Cilinger v Arditi Realty Corp.*, 77 AD3d 880, 882 [2010]).

The plaintiffs' reliance on the doctrine of res ipsa loquitur was insufficient to establish their prima facie entitlement to judgment as a matter of law. A plaintiff must establish the following three prerequisites for the applicability of that doctrine: (1) that the event was one that would not ordinarily occur in the absence of someone's negligence; (2) that the event was caused by an agency or instrumentality within the exclusive control of the defendant; and (3) that the accident was not in part caused by the plaintiff's own voluntary or contributory conduct (see *Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]; *Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]; *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219 [1986]). Unlike a swinging door, the revolving door in question was specifically manufactured to allow for book-fold collapse. Thus, the fact that it collapsed does not, in and of itself, imply negligence. In the absence of any other evidence of negligence, the plaintiffs failed to sustain their burden of establishing their prima facie entitlement to judgment as a matter of law. The Supreme Court therefore properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them and denied the plaintiffs' cross motion for summary judgment on the issue of liability.

The Supreme Court erred, however, in granting that branch of the Power Authority's motion which was for summary judg-

ment on its cross claim for contractual indemnification against Stuart Dean and in denying that branch of Stuart Dean's motion which was for summary judgment dismissing that cross claim. "The right to contractual indemnification depends upon the specific language of the contract" (*George v Marshalls of MA, Inc.*, 61 AD3d 925, 930 [2009]). A promise to indemnify should not be found unless it can be "clearly implied from the language and purpose of the entire agreement and the surrounding circumstance" (*id.*). In the contract, Stuart Dean agreed to indemnify Power Authority for any loss, including attorney's fees and court costs, that "ar[ose] out of, in connection with, or as a consequence of" its performance under the contract. The Power Authority was not required to establish, prima facie, that Stuart Dean was negligent, but it was required to establish that the injuries arose out of Stuart Dean's performance of its obligations under the contract. The Power Authority failed in this regard. The evidence established that the injury occurred due to high winds, rather than anything that Stuart Dean or its employees did under the contract. Consequently, the indemnification provision, by its terms, did not apply to the facts herein, and Stuart Dean was entitled to summary judgment dismissing the Power Authority's contractual indemnification cross claim.

The plaintiffs' remaining contention is without merit. Rivera, J.P., Balkin, Lott and Austin, JJ., concur.