■ TYRONE FORDE, Appellant, v VORNADO REALTY TRUST et al., Respondents, et al., Defendants. [931 NYS2d 687]—

The appeal from the intermediate order and the resettled order must be dismissed, because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the order and the resettled order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The respondents met their prima facie burden of demonstrating their entitlement to judgment as a matter of law by presenting evidence, in the form of an expert affidavit and deposition testimony of eyewitnesses, that the subject elevator stopped because of a blown fuse, that they lacked notice of a similar recurring problem with the subject elevator, and that the plaintiff's allegations as to how the incident occurred were physically and mechanically impossible (*see Hardy v Lojan Realty Corp.*, 303 AD2d 457 [2003]; *Braithwaite v Equitable Life Assur. Socy. of U.S.*, 232 AD2d 352, 353 [1996]; *Koch v Otis El. Co.*, 10 AD2d 464, 466 [1960]; *see also Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]; *Stewart v World El. Co., Inc.*, 84 AD3d 491, 495 [2011]; *Cilinger v Arditi Realty Corp.*, 77 AD3d 880, 882-883 [2010]; *Levine v City of New York*, 67 AD3d 510 [2009]; *Talapin v One Madison Ave. Condominium*, 63 AD3d 909, 910-911 [2009]; *Fyall v Centennial El. Indus., Inc.*, 43 AD3d 1103, 1104 [2007]; *Gjonaj v Otis El. Co.*, 38 AD3d 384, 385 [2007]; *Vale v Poughkeepsie Galleria Co.*, 297 AD2d 800, 801 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's expert was speculative, lacking in foundation, and insufficient to raise a triable issue of fact (*see Cilinger v Arditi Realty Corp.*, 77 AD3d at 882-883;

*Haynes v Estate of Goldman*, 62 AD3d 519, 521 [2009]; *Santoni v Bertelsmann Prop., Inc.*, 21 AD3d 712, 715 [2005]; *Vale v Poughkeepsie Galleria Co.*, 297 AD2d at 801; *Skidd v JW Marriot Hotels & Resorts*, 2010 WL 2834890, 2010 US Dist Lexis 68698 [SD NY 2010]; *cf. Stewart v World El. Co., Inc.*, 84 AD3d at 494).

The plaintiff could not rely on the doctrine of res ipsa loquitur, as he failed to demonstrate "that the [accident] was one that would not ordinarily occur in the absence of someone's negligence" (*Dos Santos v Power Auth. of State of N.Y.*, 85 AD3d 718, 721 [2011]; *see Cilinger v Arditi Realty Corp.*, 77 AD3d at 883; *Hardy v Lojan Realty Corp.*, 303 AD2d at 457).

The parties' remaining contentions either need not be addressed in light of our determination or are without merit. Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur.