■ MILAGROS ESPINAL, Respondent, v TREZECHAHN 1065 AVENUE OF THE AMERICAS, LLC, Respondent, and NEW YORK ELEVATOR & ELECTRICAL CORPORATION, Appellant. [942 NYS2d 519]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered September 9, 2011, which, to the extent appealed from

as limited by the briefs, denied defendant New York Elevator & Electrical Corporation's (NYE) motion for summary judgment dismissing the complaint and cross claims against it, and granted defendant Trezechahn 1065 Avenue of the Americas, LLC's (Trezechahn) cross motion for summary judgment on its cross claims for contractual indemnification and breach of contract, unanimously reversed, on the law, without costs, and NYE's motion granted, and, upon a search of the record, Trezechahn's motion for summary judgment dismissing the complaint as against it granted, and Trezechahn's motion for summary judgment on its claims for contractual indemnification and breach of contract denied as academic. The Clerk is directed to enter judgment dismissing the complaint.

Plaintiff testified that she and a coworker, Luz Ojeda, entered the elevator on the sixth floor of defendant Trezechahn's building and pushed the button for the lobby. The elevator made an upward movement and then continued moving up and down the elevator shaftway at twice its normal speed for approximately one hour before stopping in the lobby without further incident. Plaintiff repeated this claim in multiple verified bills of particulars.

While plaintiff and Ojeda were trapped in the elevator, the building's fire safety director, Earl Wheatle, spoke to them over the intercom. He told them to stay calm and that mechanics were on the way. Neither woman told Wheatle the elevator was going up and down. Wheatle stated that he had two monitors at his desk that tracked the operation of the elevators in the building, that he had no recollection of plaintiff's incident but would have remembered an elevator acting as plaintiff alleged. There were no previous reports of this particular elevator trapping passengers and the report on this incident indicated that plaintiff and Ojeda were trapped in the elevator on the fourth floor.

Ojeda testified that the elevator made a brief upward movement, moved downward, shook a little, and then stopped. After speaking with Wheatle over the intercom, she and plaintiff sat on the floor of the elevator and waited. Once released, plaintiff spoke to Luis Hidalgo, the lobby security officer. Hidalgo testified that plaintiff made no mention of the elevator going up and down, and that she stated only that she was stuck in the elevator and was afraid.

Defendant NYE's expert, Bernard Hughes, submitted an affidavit in support of NYE's motion for summary judgment. Hughes opined that plaintiff's version of the incident was "mechanically, scientifically and physically impossible" because

of multiple redundant safety features that would have stopped the elevator instantly in a case of excessive speed. He stated further that all the reasons for elevator shut-down implicated safety features, not improper maintenance.

In opposition, plaintiff argued that a question of fact arose from the conflict between her version of the incident and those of the other witnesses involved. Although she did not submit expert evidence to refute Hughes's affidavit, she argued that res ipsa loquitur applied because the incident could not have happened without defendants' negligence.

Defendants established prima facie, through deposition testimony, witness affidavits and expert evidence, that the elevator could not have acted in the manner described by plaintiff. They also showed, through expert testimony, that it could have shut down for a myriad of reasons unrelated to any negligence on the part of defendants. Viewing the evidence in a light most favorable to plaintiff, we find that plaintiff failed to meet her burden to produce evidence establishing the existence of a material issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). While generally credibility determinations are left to the trier of the facts, where testimony is "physically impossible[ or] contrary to experience," it has no evidentiary value (*see Loughlin v City of New York*, 186 AD2d 176, 177 [1992], *lv denied* 81 NY2d 704 [1993]; *see Cruz v Port Auth. of N.Y. & N.J.*, 243 AD2d 251, 252 [1997]). We find plaintiff's version of the incident incredible as a matter of law. It is not supported by the other witnesses or evidence submitted on this motion. Plaintiff did not produce an expert to contradict Hughes's opinion that the incident was mechanically impossible, and that other reasons for the elevator's shut down involved the safety features incorporated into the elevator itself, and not improper maintenance as she claims. Plaintiff's contention that the unlikelihood of an occurrence does not mean it is impossible rests on mere speculation, which is insufficient to defeat a motion for summary judgment (*see Corcoran Group v Morris*, 107 AD2d 622, 624 [1985], *affd* 64 NY2d 1034 [1985]).

The motion court incorrectly concluded that defendants had notice of the defect through previous incidents. Those incidents involved the stopping of an elevator, not the rapid up and down movement that plaintiff alleges (*see Gjonaj v Otis El. Co.*, 38 AD3d 384 [2007]). There was also no evidence that any of those incidents involved this particular elevator or that defendants failed to correct conditions of which they had knowledge or failed to use reasonable care to discover and correct a condition they ought to have found (*see Isaac v 1515 Macombs, LLC*, 84

AD3d 457, 459 [2011], *lv denied* 17 NY3d 708 [2011]; *Johnson v Nouveau El. Indus., Inc.*, 38 AD3d 611 [2007]).

Plaintiff's reliance on the doctrine of res ipsa loquitur is misplaced. For a case to fall within that doctrine, "(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff" (*Ebanks v New York City Tr. Auth.*, 70 NY2d 621, 623 [1987]). Although the motion court impermissibly converted plaintiff's theory of liability from a runaway elevator to a mere entrapment, as indicated there was no evidence of prior entrapments involving this particular elevator. In any event, NYE's expert's uncontroverted litany of reasons unrelated to negligence that an elevator might stop in a shaftway negates the first element of the doctrine (*see Forde v Vornado Realty Trust*, 89 AD3d 678, 680 [2011]). Concur—Saxe, J.P., Sweeny, Renwick, Degrasse and Richter, JJ.