The plaintiff alleges that he was injured when an elevator in the parking garage of an apartment complex owned by the defendant Starrett City, Inc. (hereinafter Starrett City), malfunctioned and descended more rapidly than normal, coming to an *812 abrupt stop on the ground floor. Following the accident, the plaintiff commenced this action against Starrett City and the defendant Schindler Elevator Corporation (hereinafter Schindler), the company retained to service and maintain the apartment complex’s elevators, claiming that the elevator’s alleged malfunction had been caused by their negligence. After discovery had been conducted, Schindler moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and Starrett City cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, or, alternatively, for summary judgment on its cross claims against Schindler for common-law and contractual indemnification. The Supreme Court denied Schindler’s motion and Starrett City’s cross motion.
A property owner can be held liable for an elevator-related injury where there is a defect in the elevator, and the property owner has actual or constructive notice of the defect (see Cilinger v Arditi Realty Corp., 77 AD3d 880, 882 [2010]; Lee v City of New York, 40 AD3d 1048, 1049 [2007]), or where it fails to notify the elevator company with which it has a maintenance and repair contract about a known defect (see Isaac v 1515 Macombs, LLC, 84 AD3d 457, 458 [2011]; Oxenfeldt v 22 N. Forest Ave. Corp., 30 AD3d 391, 392 [2006]). An elevator company which agrees to maintain an elevator in safe operating condition can also be held liable to an injured passenger “for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found” (Rogers v Dorchester Assoc., 32 NY2d 553, 559 [1973]; see Cilinger v Arditi Realty Corp., 77 AD3d at 882). Applying these principles here, Starrett City made a prima facie showing of its entitlement to judgment as a matter of law by submitting evidence establishing that it did not have actual or constructive notice of any defect in the elevator that would cause it to rapidly descend (see Devito v Centennial El. Indus., Inc., 90 AD3d 595, 596 [2011]). Schindler similarly made a prima facie showing of its entitlement to judgment as a matter of law by submitting evidence establishing that it too lacked actual or constructive notice of the alleged defective condition, as there was no evidence of any such prior malfunctions of the subject elevator (see Johnson v Nouveau El. Indus., Inc., 38 AD3d 611, 612 [2007]), and that it did not fail to use reasonable care to correct a condition of which it should have been aware (see Isaac v 1515 Macombs, LLC, 84 AD3d at 458).
In opposition to the prima facie showing of both defendants, the plaintiff failed to raise a triable issue of fact. The affidavit of *813 the plaintiffs expert was insufficient to raise a triable issue of fact because it was conclusory, lacking in foundation, and speculative (see Forde v Vornado Realty Trust, 89 AD3d 678, 679-680 [2011]; Cilinger v Arditi Realty Corp., 77 AD3d at 882-883). Further, the plaintiff could not rely on the doctrine of res ipsa loquitur because he failed to demonstrate that the accident was one that would not ordinarily occur in the absence of someone’s negligence, or that either defendant had exclusive control of the elevator (see Espinal v Trezechahn 1065 Ave. of the Ams., LLC, 94 AD3d 611 [2012]; Forde v Vornado Realty Trust, 89 AD3d at 680; Dos Santos v Power Auth. of State of N.Y., 85 AD3d 718, 721 [2011]; Roldan v New York Univ., 81 AD3d 625, 627-628 [2011]; Cilinger v Arditi Realty Corp., 77 AD3d at 883). Accordingly, the Supreme Court should have granted Schindler’s motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and those branches of Starrett City’s cross motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
In light of our determination, Starrett City’s contention that it is entitled to summary judgment on its cross claims against Schindler for common-law and contractual indemnification has been rendered academic (see Laskowski v 525 Park Ave. Condominium, 93 AD3d 822 [2012]; Stagno v 143-50 Hoover Owners Corp., 48 AD3d 548, 549-550 [2008]; Douglas v Kingston Income Partners ‘87, 2 AD3d 1079, 1082 [2003]). Angiolillo, J.P., Eng, Lott and Austin, JJ., concur.