■ KATHERINE MATHIS et al., Appellants, v D.D. DYLAN, LLC, Respondent. [990 NYS2d 581]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Adams, J.), dated March 28, 2012, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Katherine Mathis (hereinafter the plaintiff) allegedly tripped and fell over a cardboard box containing a shovel

in the hallway/foyer of premises owned by the defendant. The plaintiff, and her husband suing derivatively, commenced this action against the defendant to recover damages for injuries she allegedly sustained. After issue was joined, the defendant moved for summary judgment contending, inter alia, that the box over which the plaintiff fell was an open and obvious condition.

In support of its motion, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the box containing the shovel at issue was an open and obvious condition, and not inherently dangerous as a matter of law (see *Boyle v Pottery Barn Outlet*, 117 AD3d 665 [2014]; *Mathew v A.J. Richard & Sons*, 84 AD3d 1038 [2011]; *Flaim v Hex Food, Inc.*, 79 AD3d 797 [2010]; *Tyz v First St. Holding Co., Inc.*, 78 AD3d 818 [2010]; *Weiss v Half Hollow Hills Cent. School Dist.*, 70 AD3d 932 [2010]; *Stern v Costco Wholesale*, 63 AD3d 1139 [2009]). In support of its motion, the defendant submitted excerpts of the deposition testimony of the plaintiff, who stated that she visited the premises almost daily and that the box containing the shovel was in the same place prior to the accident for nine months. In fact, she had passed the box with the shovel more than once on the day of the accident without incident, and the box and shovel remained in the same place. In opposition, the plaintiffs failed to raise a triable issue of fact. The sworn report of their expert was insufficient to raise a triable issue of fact, as it was conclusory, lacking in foundation, and speculative (see *Tucci v Starrett City, Inc.*, 97 AD3d 811 [2012]; *Forde v Vornado Realty Trust*, 89 AD3d 678 [2011]; *Glazer v Choong-Hee Lee*, 51 AD3d 970 [2008]; see also *Persaud v City of New York*, 307 AD2d 346 [2003]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Dickerson, Cohen and Miller, JJ., concur.