■ DARRICK REED, Respondent, v NOUVEAU ELEVATOR INDUSTRIES, INC., Appellant, et al., Defendant. [999 NYS2d 182]—

In an action to recover damages for personal injuries, the defendant Nouveau Elevator Industries, Inc., appeals from an order of the Supreme Court, Suffolk County (Martin, J.), dated January 10, 2013, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Nouveau Elevator Industries, Inc., for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff alleged that he sustained personal injuries while riding in an elevator in the building where he worked, when the elevator abruptly stopped between floors. The plaintiff commenced this action against, among others, the defendant Nouveau Elevator Industries, Inc. (hereinafter Nouveau), which

was retained by the building owner to service and maintain the elevator, claiming that the elevator malfunctioned as a result of Nouveau's negligent failure to maintain it. After the completion of discovery, Nouveau moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied Nouveau's motion.

"An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]; *see Tucci v Starrett City, Inc.*, 97 AD3d 811, 812 [2012]; *Fiermonti v Otis El. Co.*, 94 AD3d 691 [2012]; *Devito v Centennial El. Indus., Inc.*, 90 AD3d 595, 596 [2011]; *Cilinger v Arditi Realty Corp.*, 77 AD3d 880, 883 [2010]). Nouveau established its prima facie entitlement to judgment as a matter of law by showing that it did not have actual or constructive notice of an ongoing condition that would have caused the elevator to abruptly stop, and that it did not fail to use reasonable care to correct a condition of which it should have been aware (*see Tucci v Starrett City, Inc.*, 97 AD3d at 812; *Fiermonti v Otis El. Co.*, 94 AD3d at 692; *Devito v Centennial El. Indus., Inc.*, 90 AD3d at 596; *Forde v Vornado Realty Trust*, 89 AD3d 678, 679 [2011]; *Isaac v 1515 Macombs, LLC*, 84 AD3d 457, 458 [2011]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether a prior problem with the elevator provided notice of the specific defect that allegedly caused the elevator to stop on the date of the subject incident. In addition, the affidavit of the plaintiff's expert was conclusory, lacking in foundation, and speculative (*see Tucci v Starrett City, Inc.*, 97 AD3d at 812-813; *Forde v Vornado Realty Trust*, 89 AD3d at 679; *Cilinger v Arditi Realty Corp.*, 77 AD3d at 882; *Haynes v Estate of Goldman*, 62 AD3d 519, 521 [2009]; *cf. Dos Santos v Power Auth. of State of N.Y.*, 85 AD3d 718, 721 [2011]). Further, the plaintiff could not rely on the doctrine of res ipsa loquitur because he failed to demonstrate that the accident was one that would not ordinarily occur in the absence of someone's negligence (*see Tucci v Starrett City, Inc.*, 97 AD3d at 813; *Espinal v Trezechahn 1065 Ave. of the Ams., LLC*, 94 AD3d 611, 614 [2012]; *Forde v Vornado Realty Trust*, 89 AD3d at 679; *Cilinger v Arditi Realty Corp.*, 77 AD3d at 882).

Accordingly, the Supreme Court should have granted Nouveau's motion for summary judgment dismissing the complaint insofar as asserted against it. Skelos, J.P., Dickerson, Austin and Maltese, JJ., concur.