■ Marna Little et al., Respondents, v Kone, Inc., Appellant. [31 NYS3d 147]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), dated April 24, 2015, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted. .

The injured plaintiff alleged that she was attempting to enter a freight elevator at her place of employment when she was struck on the head by its gate after its alarm bell and strobe light failed to activate to warn her that the gate was about to close. Thereafter, the injured plaintiff, and her husband suing derivatively, commenced this action against the defendant, the company retained to service and maintain the elevator. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint. We reverse.

"An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]; *see Reed v Nouveau El. Indus., Inc.*, 123 AD3d 1102, 1103 [2014]; *Papapietro v Kone, Inc.*, 123 AD3d 894, 895 [2014]; *Tucci v Starrett City, Inc.*, 97 AD3d 811, 812 [2012]). Here, the defendant submitted evidence sufficient to establish, prima facie, that it did not have actual or constructive notice of an ongoing condition that would have caused the elevator's gate to close without adequate warning (*see Reed v Nouveau El. Indus., Inc.*, 123 AD3d at 1103; *Tucci v Starrett City, Inc.*, 97 AD3d at 812; *Lasser v Northrop Grumman Corp.*, 55 AD3d 561, 562 [2008]; *Lee v City of New York*, 40 AD3d 1048, 1049 [2007]; *Johnson v Nouveau El. Indus., Inc.*, 38 AD3d 611, 612 [2007]; *cf. Papapietro v Kone, Inc.*, 123 AD3d at 895).

In opposition, the plaintiffs failed to raise a triable issue of fact. The affidavit of the plaintiffs' expert was insufficient to raise a triable issue of fact because it was conclusory, lacking in foundation, and speculative (*see Reed v Nouveau El. Indus., Inc.*, 123 AD3d at 1103; *Tucci v Starrett City, Inc.*, 97 AD3d at 812-813; *Forde v Vornado Realty Trust*, 89 AD3d 678, 679 [2011]). Further, the plaintiffs may not rely on the doctrine of res ipsa loquitur because they failed to satisfy the first element of the doctrine, namely, proof that the accident was "of a kind that ordinarily does not occur in the absence of someone's negligence" (*James v Wormuth*, 21 NY3d 540, 546 [2013] [internal quotation marks omitted]; *see Reed v Nouveau El. Indus., Inc.*, 123 AD3d at 1103; *Tucci v Starrett City, Inc.*, 97 AD3d at 813; *Cilinger v Arditi Realty Corp.*, 77 AD3d 880, 883 [2010]).

Accordingly, the Supreme Court should have granted the de-

fendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Roman, Maltese and Connolly, JJ., concur.