■ RALPH VILARDI, Appellant, v JONES LANG LASALLE, INC., et al., Respondents. (And a Third-Party Action.) [42 NYS3d 336]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated June 12, 2014, as granted those branches of the separate motions of the defendants Jones Lang LaSalle, Inc., and Schindler Elevator Corporation which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff alleged that he was attempting to enter a freight elevator at 1 U.N. Plaza when the upper door of the elevator suddenly closed and struck him in the head. Thereafter, the plaintiff commenced this action against the defendant Jones Lang LaSalle, Inc. (hereinafter JLL), the property manager of 1 U.N. Plaza, and the defendant Schindler Elevator Corporation (hereinafter Schindler), the company retained to service and maintain the elevator. JLL and Schindler separately moved for summary judgment, inter alia, dismissing the complaint insofar as asserted against each of them. The Supreme Court granted their motions, and the plaintiff appeals.

The Supreme Court properly granted those branches of the separate motions of JLL and Schindler which were for summary judgment dismissing the complaint insofar as asserted against each of them. Each submitted evidence sufficient to establish, prima facie, that it did not have actual or constructive notice of an ongoing condition that would have caused the elevator's door to close suddenly and without warning (*see Little v Kone, Inc.*, 139 AD3d 678, 679 [2016]; *Reed v Nouveau El. Indus., Inc.*, 123 AD3d 1102, 1103 [2014]; *Devito v Centennial El. Indus., Inc.*, 90 AD3d 595, 596 [2011]; *Forde v Vornado*

*Realty Trust*, 89 AD3d 678, 679 [2011]; *Cilinger v Arditi Realty Corp.*, 77 AD3d 880, 882-883 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The plaintiff's remaining contention is improperly raised for the first time on appeal. Leventhal, J.P., Chambers, Austin and LaSalle, JJ., concur.