In an action to recover damages for personal injuries, (1) the defendants third-party plaintiffs, Chase Manhattan Bank and J P Morgan Chase & Co., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Butler, J.), entered March 30, 2015, as denied those branches of their motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and for summary judgment on their third-party cause of action against the defendant third-party defendant Thys-senkrupp Elevator Company, Inc., for contractual indemnification, (2) the defendant third-party defendant, Thyssenkrupp Elevator Company, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against it, and (3) the fifth-party defendant Nouveau Elevator appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the fifth-party complaint and all cross claims insofar as asserted against it.
 

 Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs to the ap-' pellants appearing separately and filing separate briefs, payable by the plaintiff, (1) that branch of the motion of the de: fendants third-party plaintiffs, Chase Manhattan Bank and JP Morgan Chase & Co., which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted, (2) that branch of the motion of the defendants third-party plaintiffs, Chase Manhattan Bank and J P Morgan Chase & Co., which was for summary judgment on their third-party cause of action against the defendant-third-party defendant, Thyssenkrupp Elevator Company, Inc., for contractual indemnification, is denied as academic, (3) the motion of the defendant third-party defendant, Thyssenkrupp Elevator Company, Inc., for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against it is granted, and (4) the motion of the fifth-party defendant Nouveau Elevator for summary judgment dismissing the fifth-party complaint and all cross claims insofar as asserted against it is granted.
 

 The plaintiff allegedly was injured on July 3, 2003, when he fell down an elevator shaft from the second floor in the Chase Bank Building on Jamaica Avenue, in Queens, where he was employed in a maintenance position by United Building Maintenance Corporation. He alleged that the elevator door remained open as he performed his duties on the second floor, but as he re-entered the elevator upon completing his tasks, the elevator cab was not present and he fell down the shaft, landing on top of the elevator cab. The plaintiff commenced this action to recover damages for his injuries against the owners of the building, Chase Manhattan Bank and J P Morgan Chase & Co. (hereinafter together Chase). Chase, in turn, commenced third-party actions against Thyssenkrupp Elevator Company, Inc. (hereinafter Thyssenkrupp), which had, several days before the plaintiff allegedly was injured, entered into an elevator service and maintenance contract with Chase, and against Nouveau Elevator (hereinafter Nouveau), whose elevator service and maintenance contract with Chase had expired several weeks before the plaintiff was injured. In an order dated December 2013, the Supreme Court amended the caption, inter alia, to add Thyssenkrupp as a defendant.
 

 After discovery was completed, Chase moved for summary judgment, inter alia, dismissing the complaint and for summary judgment on its third-party claims, and Nouveau and Thyssenkrupp separately moved for summary judgment dismissing the claims against each of them. The Supreme Court denied the motions, and Chase and Nouveau separately appeal, and Thyssenkrupp cross-appeals, from those portions of the order which are adverse to each of them.
 

 Property owners have a duty to maintain their premises in a reasonably safe condition (see Walsh v Super Value, Inc., 76 AD3d 371, 375 [2010]). In order to hold a property owner liable for a breach of this duty, a plaintiff must prove not only that a defective condition existed and was a proximate cause of his or her injuries, but also that the property owner either created the defective condition or had actual or constructive notice of its existence (see Goodlow v 724 Fifth Ave. Realty, LLC, 127 AD3d 1138, 1139-1140 [2015]; Walsh v Super Value, Inc., 76 AD3d at 375). Similarly, an elevator company that agrees to maintain an elevator in safe operating condition may be held liable to an injured passenger for failing to correct conditions of which it has knowledge, or its failure to use reasonable care to discover and correct a condition which it ought to have found (see Rogers v Dorchester Assoc., 32 NY2d 553, 559 [1973]; Orahovac v CF Lex Assoc., 147 AD3d 968, 969 [2017]; Tucci v Starrett City, Inc., 97 AD3d 811, 812 [2012]). In order to recover damages resulting from a breach of a property owner’s or elevator company’s duty, a plaintiff must prove all of the essential elements of the cause of action. By contrast, a defendant property owner or elevator company moving for summary judgment dismissing such a claim meets its prima facie burden by negating a single essential element (see Kam Lin Chee v DiPaolo, 138 AD3d 780, 782-783 [2016]; Oxenfeldt v 22 N. Forest Ave. Corp., 30 AD3d 391, 392 [2006]; cf. Singh v Covenant Aviation Sec., LLC, 131 AD3d 1158, 1159 [2015]).
 

 Here, each of the moving parties established its prima facie entitlement to judgment as a matter of law. Specifically, as relevant to the plaintiff’s claims, Chase established that it had no notice of the alleged defective condition that caused the plaintiff’s injuries. Nouveau and Thyssenkrupp separately established that they had no notice of the alleged defective condition of the elevator and had not failed to use reasonable care to discover it (see Reed v Nouveau El. Indus., Inc., 123 AD3d 1102, 1103 [2014]). The opposition papers failed to demonstrate the existence of a triable issue of fact as to notice or discovery (see id. at 1103). Accordingly, the Supreme Court should have granted that branch of Chase’s motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, as well as Nouveau’s and Thyssenkrupp’s motions for summary judgment dismissing the claims and third-party claims asserted against each of them (see id.). Finally, the court should have denied, as academic, rather than on the merits, that branch of Chase’s motion which was for summary judgment on its third-party cause of action against Thyssenkrupp for contractual indemnification (see Fajardo v Mainco El. & Elec. Corp., 143 AD3d 759, 765 [2016]).
 

 Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.