Barksdale v BP El. Co. (2018 NY Slip Op 02746)





Barksdale v BP El. Co.


2018 NY Slip Op 02746


Decided on April 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Kapnick, Kern, JJ.


154754/12 -1411 6459

[*1]Anthony Barksdale, Plaintiff-Respondent,
v
BP Elevator Co., Defendant, The Lenox Condominium, et al., Defendants-Appellants, Car Park Systems of New York, Inc., Defendant-Respondent.


Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Joseph A.H. McGovern of counsel), for appellants.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered August 24, 2016, which, to the extent appealed from as limited by the brief, denied the cross motion of defendants the Lenox Condominium, Board of Managers of the Lenox Condominium, and Kyrous Realty Group, Inc. (collectively, the Lenox defendants) for summary judgment dismissing the complaint and all cross claims as against them, and granted defendant Car Park's motion for summary judgment insofar as it dismissed the Lenox defendants' cross claim against it, unanimously modified, on the law, the Lenox defendants' motion for summary judgment granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Plaintiff, while working as a parking attendant employed by defendant Car Park, was injured by a defective gate on the vehicle elevator within the garage. The garage was located in the condominium building owned by defendant the Lenox Condominium, and within an area defined in the Condominium's declaration as a "Parking Unit." In support of their motion for summary judgment, the Lenox defendants demonstrated that, under the condominium declaration they were responsible only for maintenance of common elements, and therefore were not responsible for maintenance of any area within the Parking Unit and cannot be found liable to plaintiff (see Guryev v Tomchinsky, 20 NY3d 194 [2012]). They also demonstrated that they did not create or have notice of the defective condition of the elevator, which is necessary to impose liability (see Tucci v Starrett City, Inc., 97 AD3d 811, 812 [2nd Dept 2012]; Narvaez v New York City Hous. Auth., 62 AD3d 419 [1st Dept 2009]; lv denied 13 NY3d 703 [2009]). Plaintiff did not oppose the motion on the merits or appear in opposition to the appeal.
The Lenox defendants' cross claim against Car Park is properly dismissed as moot.
M-1411 - Barksdale v BP Elevator Co.
Motion for stay denied as academic.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 24, 2018
CLERK