Hussey v Hilton Worldwide, Inc. (2018 NY Slip Op 05581)





Hussey v Hilton Worldwide, Inc.


2018 NY Slip Op 05581


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-01397
2016-06090
 (Index No. 704864/14)

[*1]Helen Hussey, appellant, 
v
Hilton Worldwide, Inc., et al., respondents.


Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, New York, NY (Samantha E. Quinn of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Robert J. McDonald, J.), dated February 4, 2016, and (2) an order of the same court dated May 26, 2016. The order dated February 4, 2016, in effect, granted the defendants' separate motions for summary judgment dismissing the complaint. The order dated May 26, 2016, insofar as appealed from, upon renewal and reargument, adhered to the determination in the order dated February 4, 2016.
ORDERED that the appeal from the order dated February 4, 2016, is dismissed, as that order was superseded by the order dated May 26, 2016, made upon renewal and reargument; and it is further,
ORDERED that the order dated May 26, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
On September 17, 2013, the plaintiff allegedly was injured when a freight elevator door closed on her at the New York Hilton Midtown hotel, where she had been employed as a coatroom attendant. The plaintiff commenced this action against Hilton Worldwide, Inc. (hereinafter Hilton), which owned the hotel, and Otis Elevator Company (hereinafter Otis, together with Hilton, the defendants), the elevator maintenance company that had a contract to maintain and repair the elevators at the hotel. After discovery was completed, the defendants separately moved for summary judgment dismissing the complaint. By order dated February 4, 2016, the Supreme Court, in effect, granted the defendants' separate motions. The plaintiff moved for leave to renew and reargue her opposition to the defendants' motions. By order dated May 26, 2016, the Supreme Court granted the plaintiff's motion and, upon renewal and reagrument, adhered to its original determination. The plaintiff appeals from both orders.
"A property owner can be held liable for an elevator-related injury where there is a [*2]defect in the elevator, and the property owner has actual or constructive notice of the defect, or where it fails to notify the elevator company with which it has a maintenance and repair contract about a known defect" (Goodwin v Guardian Life Ins. Co. of Am., 156 AD3d 765, 766 [internal citations omitted]; see Nunez v Chase Manhattan Bank, 155 AD3d 641, 643; Cilinger v Arditi Realty Corp., 77 AD3d 880, 882). "An elevator company which agrees to maintain an elevator in safe operating condition can also be held liable to an injured passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found'" (Tucci v Starrett City, Inc., 97 AD3d 811, 812, quoting Rogers v Dorchester Assoc., 32 NY2d 553, 559).
Contrary to the plaintiff's contention, the defendants made a prima facie showing of their entitlement to judgment as a matter of law. In support of their motions, the defendants submitted, inter alia, a video recording of the incident, a transcript of the plaintiff's deposition testimony, and transcripts of the deposition testimony of Winston Matthias, a security officer employed by Hilton, and Vincent Colon, an elevator mechanic employed by Otis. This evidence established that the elevator operated properly and was not defective, and that the defendants lacked actual or constructive notice of any alleged defective condition that caused the plaintiff's injuries (see Goodwin v Guardian Life Ins. Co. of Am., 156 AD3d at 766; Vilardi v Jones Lang LaSalle, Inc., 145 AD3d 711, 711; Little v Kone, Inc., 139 AD3d 678, 679; Reed v Noveau El. Indus., Inc., 123 AD3d 1102, 1103). The evidence in the record demonstrated that the elevator door was programmed to close after a delay of approximately 20 seconds, that the plaintiff entered the elevator and pressed the button twice for the sub-basement, that the elevator door remained open for approximately 20 seconds, that the plaintiff started to exit the elevator at the exact moment that the door began to close, and that after the door struck the plaintiff, it immediately retracted upon detecting an obstruction.
In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's expert was insufficient to raise a triable issue of fact because it was conclusory, lacking in foundation, and speculative (see Goodwin v Guardian Life Ins. Co. of Am., 156 AD3d at 766; Little v Kone, Inc., 139 AD3d at 679; Forde v Vornado Realty Trust, 89 AD3d 678, 679; Santoni v Bertelsmann Prop., Inc., 21 AD3d 712). Accordingly, we agree with the Supreme Court's determination to, upon reargument, adhere to its original determination, in effect, granting the defendants' separate motions for summary judgment dismissing the complaint.
Additionally, we agree with the Supreme Court's determination to, upon renewal, adhere to its original determination. The new evidence submitted by the plaintiff, which consisted of records from the New York City Department of Buildings, failed to raise a triable issue of fact as to whether prior problems with the elevator provided the defendants with actual or constructive notice of the specific defect that allegedly caused her injuries (see Nunez v Chase Manhattan Bank, 155 AD3d 641; Reed v Noveau El. Indus., Inc., 123 AD3d at 1103; cf. Papapeitro v Kone, Inc., 123 AD3d 894, 895). Furthermore, contrary to the plaintiff's contention, the deposition testimony of Matthias and Colon did not raise a triable issue of fact as to whether the elevator malfunctioned at the time of her accident. Finally, the court providently exercised its discretion in denying the plaintiff's request to submit certain materials to the court for an in camera inspection.
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court