Daconta v Otis El. Co. (2018 NY Slip Op 06716)





Daconta v Otis El. Co.


2018 NY Slip Op 06716


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-02292
 (Index No. 41183/10)

[*1]Theresa Daconta, et al., appellants, 
v
Otis Elevator Company, respondent.


Nichols & Cane, LLP, Syosset, NY (Regina C. Nichols and Jamie Persky Mitchnick of counsel), for appellants.
Geringer, McNamara & Horowitz LLP, New York, NY (David Paul Horowitz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph Pastoressa, J.), dated December 1, 2015. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint and denied that branch of the plaintiffs' cross motion which was pursuant to CPLR 3126 to impose sanctions on the defendant for spoliation of evidence.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The injured plaintiff allegedly tripped while entering an elevator at her workplace. The injured plaintiff alleges that the floor of the elevator was misaligned with the hallway landing, which caused her to stumble as she stepped into the elevator. The injured plaintiff, and her husband suing derivatively, commenced this action against the defendant, the company retained to maintain and service the elevator, to recover damages for personal injuries allegedly sustained in the accident. The Supreme Court, inter alia, granted the defendant's motion for summary judgment dismissing the complaint and denied that branch of the plaintiffs' cross motion which was pursuant to CPLR 3126 to impose sanctions on the defendant for spoliation of evidence. The plaintiffs appeal.
"An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (Rogers v Dorchester Assoc., 32 NY2d 553, 559; see Little v Kone, Inc., 139 AD3d 678, 679). Here, the defendant submitted sufficient evidence to establish, prima facie, that it did not have actual or constructive notice of a misleveling condition, and that it did not fail to use reasonable care to correct a condition about which it should have been aware (see Little v Kone, Inc., 139 AD3d at 679; Reed v Nouveau El. Indus., Inc., 123 AD3d 1102, 1103; Tucci v Starrett City, Inc., 97 AD3d 811, 812; Johnson v Nouveau El. Indus., Inc., 38 AD3d 611, 612).
In opposition, the plaintiffs failed to raise a triable issue of fact. The affidavit of the plaintiffs' expert, which was speculative, lacking in foundation, and conclusory, was insufficient to raise a triable issue of fact (see Little v Kone, Inc., 139 AD3d at 679; Reed v Nouveau El. Indus., [*2]Inc., 123 AD3d at 1103; Tucci v Starett City, Inc., 97 AD3d at 812-813; Forde v Vornado Realty Trust, 89 AD3d 678, 679).
The doctrine of res ipsa loquitur was not applicable as the plaintiffs failed to demonstrate that the accident "was one that would not ordinarily occur in the absence of someone's negligence" (Tucci v Starett City, Inc., 97 AD3d at 813; see Little v Kone, Inc., 139 AD3d at 679; Reed v Nouveau El. Indus., Inc, 123 AD3d at 1103; Forde v Vornado Realty Trust, 89 AD3d at 680).
We agree with the Supreme Court's denial of that branch of the plaintiffs' cross motion which was pursuant to CPLR 3126 to impose sanctions on the defendant for spoliation of evidence. The plaintiffs did not demonstrate that the defendant "intentionally or negligently disposed of critical evidence, and fatally compromised [their] ability to prove" their case (Cioffi v S.M. Foods, Inc., 142 AD3d 520, 525 [citations and internal quotation marks omitted]; see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547; Pennachio v Costco Wholesale Corp., 119 AD3d 662, 663-664; Gotto v Eusebe-Carter, 69 AD3d 566, 567).
MASTRO, J.P., BALKIN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court