Palladino v New York City Hous. Auth. (2019 NY Slip Op 05140)





Palladino v New York City Hous. Auth.


2019 NY Slip Op 05140


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-04478
 (Index No. 13057/12)

[*1]Angelo Palladino, Jr., et al., appellants,
v
New York City Housing Authority, respondent.


Marc J. Bern & Partners, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for appellants.
Herzfeld & Rubin, P.C., New York, NY (Linda M. Brown of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated March 8, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The injured plaintiff, an emergency medical technician employed by the New York City Fire Department, allegedly was injured while entering an elevator as he was transporting a patient to an ambulance. The injured plaintiff alleges that the floor of the elevator was approximately three to six inches higher than the hallway landing, and that this misleveling caused him to stumble as he stepped into the elevator. The injured plaintiff, and his wife suing derivatively, commenced this action against the New York City Housing Authority (hereinafter NYCHA), the owner of the apartment building, inter alia, to recover damages for personal injuries allegedly sustained by him in the accident. The Supreme Court granted NYCHA's motion for summary judgment dismissing the complaint. The plaintiffs appeal.
A property owner can be held liable for an elevator-related injury where there is a defect in the elevator, and the property owner has actual or constructive notice of the defect (see Hussey v Hilton Worldwide, Inc., 164 AD3d 482, 483; Goodlow v 724 Fifth Ave. Realty, LLC, 127 AD3d 1138, 1139). Here, NYCHA established its prima facie entitlement to judgment as a matter of law by submitting evidence that it did not have actual or constructive notice of a misleveling defect (see Nunez v Chase Manhattan Bank, 155 AD3d 641, 643; Vilardi v Jones Lang LaSalle, Inc, 145 AD3d 711, 711; Kawka v 135-55 35th Realty, LLC, 139 AD3d 677, 678). In opposition, the plaintiffs failed to raise a triable issue of fact (see Reed v Nouveau El. Indus., Inc., 123 AD3d 1102, 1103).
Contrary to the plaintiffs' contention, they could not rely on the doctrine of res ipsa loquitur, because they failed to establish that the accident was one that would not ordinarily occur in the absence of someone's negligence (see Daconta v Otis El. Co., 165 AD3d 753, 754; Goodwin v Guardian Life Ins. Co. of Am., 156 AD3d 765, 767; Little v Kone, Inc., 139 AD3d 678, 679; Tucci [*2]v Starrett City, Inc., 97 AD3d 811, 813).
Accordingly, we agree with the Supreme Court's determination to grant NYCHA's motion for summary judgment dismissing the complaint.
MASTRO, J.P., LEVENTHAL, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court