■ LINNET ISAAC, Respondent, v 1515 MACOMBS, LLC, et al., Appellants. [922 NYS2d 354]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered July 23, 2010, which, inter alia, denied defendants' motions for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment accordingly.

Plaintiff was injured on November 3, 2005, when she tripped and fell while exiting an elevator which had allegedly misleveled in a building owned by 1515 Macombs, LLC and managed by Chestnut Holdings of New York, Inc. (Chestnut). Advantage Elevator Company (Advantage) was the elevator maintenance contractor. Supreme Court denied defendants' motions for summary judgment dismissing the complaint on the ground that plaintiff raised issues of fact as to actual notice of the misleveling elevator. We now reverse.

A property owner has a nondelegable duty to passengers to maintain its building's elevator in a reasonably safe manner (*Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]; *Dykes v Starrett City, Inc.*, 74 AD3d 1015 [2010]) and may be liable for elevator malfunctions or defects causing injury to a plaintiff about which it has constructive or actual notice (*see Levine v City of New York*, 67 AD3d 510 [2009]), or where, despite having an exclusive maintenance and repair contract with an elevator company, it fails to notify the elevator company about a known defect (*see Oxenfeldt v 22 N. Forest Ave. Corp.*, 30 AD3d 391, 392 [2006]). "An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assoc.*, 32 NY2d at 559; *see Cilinger v Arditi Realty Corp.*, 77 AD3d 880, 882-883 [2010]).

Defendants demonstrated their prima facie entitlement to summary judgment by showing that they did not have actual or constructive notice of an ongoing misleveling condition and did not fail to use reasonable care to correct a condition of which they should have been aware (*see Gjonaj v Otis El. Co.*, 38 AD3d 384, 385 [2007]; *Santoni v Bertelsmann Prop., Inc.*, 21 AD3d 712, 713 [2005]). A representative of Chestnut testified at his deposition that in 2005 he did not observe any visible signs of damage to the elevators during his personal inspections and did not receive any complaints from tenants or building staff about misleveling; that no one had been injured in a building elevator prior to plaintiff's accident; that major repairs were performed on the building's elevators in July and August, which encompassed the work recommended in Advantage's proposal of April 25, 2005; and that the elevators had been inspected by the Department of Buildings on October 26, 2005, about a week before the accident, and passed inspection. Advantage's mechanic testified at his deposition that on the several occasions that he inspected the elevator while performing monthly

maintenance, he never observed a misleveling condition and that he was not aware of any such complaints. When the mechanic inspected the elevator after the accident on November 3, 2005, he found it was leveling properly on every floor, which meant there was nothing wrong with it.

In opposition, plaintiff failed to produce evidence of a prior problem with the elevator that would have provided notice of the specific defect that allegedly caused the elevator to mislevel on the date of her accident (*see Meza v 509 Owners LLC*, 82 AD3d 426 [2011]; *Karian v G & L Realty, LLC*, 32 AD3d 261 [2006]), or offer any expert evidence that Advantage could have discovered the defect through the exercise of reasonable care (*see Lee v City of New York*, 40 AD3d 1048, 1049 [2007]).

The reference to the replacement of magnets for proper stopping in the April 26, 2005 proposal from Advantage does not establish notice. Plaintiff failed to submit expert testimony or other evidence to show that the alleged misleveling on the date of her accident was related to the magnets. Further, Chestnut's representative testified at his deposition that the work suggested by the proposal was performed. While plaintiff produced a report indicating that the building's elevators did not pass inspection in August and September 2005, there is no indication that this was due to misleveling. In any event, the elevators passed inspection on October 26, 2005 and plaintiff failed to raise an issue of fact as to whether defendants had actual or constructive notice of any defective condition concerning misleveling during the days after the inspection, but before the accident (*see Carrasco v Millar El. Indus.*, 305 AD2d 353 [2003]). Nor is actual or constructive notice established by the mere fact that modernization proposals of BP Elevator of March 18, 2005 and April 11, 2005 included replacement of the elevator's leveling device (*see Karian v G & L Realty, LLC*, 32 AD3d at 263). While plaintiff's son submitted an affidavit generally averring that misleveling was a well-known problem in the building, he admittedly did not complain about the alleged condition to defendants (*see Narvaez v New York City Hous. Auth.*, 62 AD3d 419 [2009], *lv denied* 13 NY3d 703 [2009]). Concur—Andrias, J.P., Friedman, Catterson, Moskowitz and Román, JJ.