■ DANIELLE FASANO, as Administratrix of the Goods, Chattels and Credits of MARY ANN FASANO, Deceased, Respondent, v EUCLID HALL ASSOCIATES, L.P., et al., Appellants-Respondents. EUCLID HALL ASSOCIATES, L.P., et al., Third-Party Plaintiffs-Appellants-Respondents, v UNITEC ELEVATOR COMPANY, Third-Party Defendant-Respondent-Appellant. [24 NYS3d 636]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered May 16, 2014, which, to the extent appealed from as limited by the briefs, denied the motion of third-party defendant Alliance Elevator Company sued herein as Unitec Elevator Company for summary judgment dismissing the complaint, and denied defendants/third-party plaintiffs' (together, Euclid) motion for summary judgment dismissing the complaint and, in the alternative, for conditional summary judgment on its common-law indemnification claim against Alliance, unanimously reversed, on the law, without costs, and the motion and cross motion for summary judgment dismissing the complaint granted. The Clerk is directed to enter judgment accordingly.

Plaintiff alleges that decedent sustained personal injuries when she tripped and fell over a misleveled elevator located in a building owned and managed by defendants. Defendant Euclid Hall Associates, L.P. had entered into a full service contract with Alliance for the building's four elevators.

Euclid and Alliance made a prima facie showing of the lack of a misleveling defect and of the lack of their prior notice of the alleged condition (*see Isaac v 1515 Macombs, LLC*, 84 AD3d 457, 458-459 [1st Dept 2011], *lv denied* 17 NY3d 708 [2011]).

In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's claim of prior notice was vague, speculative, and conclusory (*see Narvaez v New York City Hous. Auth.*, 62 AD3d 419, 420 [1st Dept 2009], *lv denied* 13 NY3d 703 [2009]; *Clark v New York City Hous. Auth.*, 7 AD3d 440, 440 [1st Dept 2004]). Further, plaintiff's expert's opinion was speculative and conclusory, and lacked evidentiary foundation (*see Luciano v Deco Towers Assoc. LLC*, 92 AD3d 606, 606 [1st Dept 2012]; *Santoni v Bertelsmann Prop., Inc.*, 21 AD3d 712, 714-715 [1st Dept 2005]).

The doctrine of res ipsa loquitur does not apply to Euclid, because it ceded all responsibility for the daily operation, repair, and maintenance of the elevator to Alliance (*see Ezzard v One E. Riv. Place Realty Co., LLC*, 129 AD3d 159, 162 [1st Dept 2015]; *Hodges v Royal Realty Corp.*, 42 AD3d 350, 352 [1st Dept 2007]). Nor is the doctrine applicable to Alliance, since the accident could have occurred in the absence of negligence (*Meza v 509 Owners LLC*, 82 AD3d 426, 427 [1st Dept 2011]).

Given the foregoing determination, we need not reach

Euclid's request for alternative relief. Concur—Friedman, J.P., Acosta, Andrias, Saxe and Feinman, JJ.