Bortugno v New York State Urban Dev. Corp. (2021 NY Slip Op 00618)





Bortugno v New York State Urban Dev. Corp.


2021 NY Slip Op 00618


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Kapnick, J.P., Mazzarelli, Moulton, Shulman, JJ. 


Index No. 150623/2013 Appeal No. 13026 Case No. 2020-02437 

[*1]Nicholas Bortugno et al., Plaintiffs,
v
New York State Urban Development Corporation Doing Business as Empire State Development Corporation et al., Defendants-Respondents, Schindler Elevator Corporation et al., Defendants-Appellants.


Sabatini & Associates, New York (Steve S. Efron of counsel), for appellants.
Eustace, Prezioso & Yapchanyk, New York (Christopher M. Yapchanyk of counsel), for respondents.



Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about November 7, 2020, which, to the extent appealed from as limited by the briefs, granted defendants New York State Urban Development Corporation d/b/a Empire State Development Corporation (UDC) motion for summary judgment dismissing the complaint and all cross claims as against UDC, unanimously affirmed, without costs.
Plaintiff was injured when he was hit in the head by the descending door of a freight elevator in a building owned by UDC. At the time, plaintiff was walking through the elevator, entering through the open doors on one side and exiting through the open doors on the other side. There is evidence that plaintiff had to use the elevator as a passageway because of the presence of a fence erected by UDC's managing agent.
UDC established prima facie that it neither created nor had actual or constructive notice of a malfunctioning of the elevator doors, and defendants Schindler Elevator Corporation and Midland Elevator Co. Inc. failed to present evidence sufficient to raise an issue of fact as to whether either UDC or its managing agent had notice of such a problem (see Isaac v 1515 Macombs, LLC, 84 AD3d 457, 458 [1st Dept 2011], lv denied 17 NY3d 708 [2011]).
Schindler and Midland argue that the negligent erection of the fence by UDC's managing agent was a proximate cause of plaintiff's injuries. However, plaintiff's injury was directly caused by the malfunctioning of the elevator door, and not the existence of the fence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021