Walsh v West Gramercy Assoc. LLC (2025 NY Slip Op 00801)

Walsh v West Gramercy Assoc. LLC

2025 NY Slip Op 00801

Decided on February 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 11, 2025

Before: Singh, J.P., González, Scarpulla, O'Neill Levy, JJ. 

Index No. 151154/14 Appeal No. 3653 Case No. 2023-04646 

[*1]Desmond A. Walsh, Plaintiff-Appellant,
v
West Gramercy Associates LLC, et al., Defendants-Respondents, Allstar Elevator & Escalator Inspection Agency, Inc., Defendant.

Kenneth J. Gorman, New York, for appellant.
Gordon Rees Scully & Mansukhani, LLP, Harrison (Michael Justin Schacher of counsel), for respondents.
Malapero Prisco & Klauber LLP, New York (Andrew L. KLauber of counsel), for Nouveau Elevator Industries, Inc., respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about June 23, 2023, which, to the extent appealed from as limited by the briefs, granted the motions of defendants West Gramercy Associates LLC, Josephson, LLC doing business as The Moinian Group, and S&S Equities of NY & NJ Inc. (collectively, the building defendants), and Nouveau Elevator Industries, Inc. for summary judgment dismissing the complaint and all cross-claims as against them, unanimously affirmed, without costs.
Plaintiff was injured when he tripped while entering a freight elevator in the lobby of a building owned by defendant West Gramercy and managed by defendants Josephson and S&S Equities. Nouveau Elevator was the elevator maintenance contractor. According to plaintiff, the elevator was five or six inches higher than the lobby floor. Plaintiff's colleague testified at her deposition that although she was with plaintiff at the time of the accident, she did not see him fall and did not notice that the elevator was misleveled.
The building defendants are entitled to summary judgment dismissing the complaint because they showed that the elevator was not defective, and even if it was defective, they did not have actual or constructive notice of the alleged defect (see Isaac v 1515 Macombs, LLC, 84 AD3d 457, 458 [1st Dept 2011], lv denied 17 NY3d 708 [2011]). The building defendants presented numerous witnesses who had no knowledge of a misleveling problem with the elevator. A Josephson employee testified at his deposition that he never received a complaint about the freight elevator misleveling, nor was he aware of any prior accidents involving the elevator. The owner of S&S Equities testified at her deposition that she was in daily contact with the building's superintendent and that she never received any reports about the elevators, nor had she ever received complaints about the elevator misleveling. Moreover, the building superintendent was responsible for completing a daily inspection of the elevators, checking for misleveling by riding the elevator up and down and stopping on each floor. The building defendants also submitted work tickets and Department of Buildings violations for a two-year period before the accident; the only evidence of misleveling of the elevator took place in December 2010, and it was resolved in July 2011 after a DOB inspection (see Isaac v 1515 Macombs, LLC, 84 AD3d 457, 458 [1st Dept 2011], lv denied 17 NY3d 708 [2011]).
Nouveau Elevator established prima facie that it did not have actual or constructive notice of the problem and that it performed regular and necessary maintenance that would have detected a misleveling condition. Nouveau presented testimony from its mechanic who serviced the elevator just days before the accident, stating that there was no evidence of misleveling at that time (see Meza v 509 Owners LLC, 82 AD3d 426, 427 [1st Dept 2011]). The Nouveau mechanic testified that his monthly preventive maintenance [*2]check included riding the elevator to make sure everything was working correctly, inspecting the equipment, listening for noises, checking the phones and bells, inspecting the hoist cables, cleaning the gear casing, and checking for misleveling by stopping on each floor. If there was misleveling, it would be written on the work ticket and the work ticket for his March 16, 2012 inspection did not contain any such indication.
Plaintiff's expert's affidavit was insufficient to raise a triable issue of fact because it was not based on facts in the record and was speculative (see Santoni v Bertelsmann Prop., 21 AD3d 712, 714 [1st Dept 2005]). Plaintiff's expert opined that the failure to clean the car top and pit, combined with an oil leak, interfered with the elevator's sensors and caused the misleveling. The record demonstrated, however, that the oil leak and dirty car top and pit were remedied before the accident.
In these circumstances, the doctrine of res ipsa loquitur does not apply to relieve plaintiff of the obligation to prove notice in order to proceed because the accident could have occurred in the absence of negligence through a misstep by plaintiff (see Fasano v Euclid Hall Assoc., L.P., 136 AD3d 478, 479 [1st Dept 2016]; San Andres v 1254 Sherman Ave. Corp., 94 AD3d 590, 591 [1st Dept 2012]).
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2025