| **Waisbren v Manhattan Promenade LLC** |
| 2026 NY Slip Op 30851(U) |
| March 6, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 151440/2020 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. HASA A. KINGO** | **PART** | **65M** |
| | *Justice* | | |

-------------------------------------------------------------------------X

| | |
|---|---|
| | **INDEX NO.** |
| | 151440/2020 |

CHARLES WAISBREN, BENJAMIN WAISBREN, TYLER HARTSFIELD, MEGAN FORSTER, KEVIN O'SHEA, BRITTANY FALLON, MICHAEL FALLON, MADISON ARMSTON, VIVEK SHAHANI, JASON CARETSKY, LAUREN CARETSKY, JENNIFER ROBISON

**MOTION DATE** N/A, N/A, N/A, N/A

**MOTION SEQ. NO.** 010 011 012 013

Plaintiff,

- v -

MANHATTAN PROMENADE LLC,ATA ENTERPRISES MANAGEMENT INC.,FUJITEC AMERICA INC.,SERGE ELEVATOR CO. INC.,AMERICAN ELEVATOR & MACHINE CORPORATION, L.C.D. ELEVATOR REPAIR INC.,LIFT TECH LTD,

**DECISION + ORDER ON MOTION**

Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 010) 791, 792, 793, 794, 795, 796, 797, 798, 799, 800, 904, 908, 909, 910, 911, 912, 921, 974, 984

were read on this motion for                          SUMMARY JUDGMENT                          .

The following e-filed documents, listed by NYSCEF document number (Motion 011) 801, 802, 803, 804, 805, 806, 807, 808, 809, 810, 811, 812, 813, 814, 815, 816, 817, 818, 819, 820, 821, 822, 823, 824, 825, 826, 827, 828, 829, 830, 831, 905, 913, 914, 915, 920, 971, 972, 973, 975, 985

were read on this motion for                          SUMMARY JUDGMENT                          .

The following e-filed documents, listed by NYSCEF document number (Motion 012) 833, 834, 835, 836, 837, 838, 839, 840, 841, 842, 843, 844, 845, 846, 847, 848, 849, 850, 851, 852, 853, 854, 855, 856, 857, 858, 859, 860, 861, 862, 863, 864, 865, 866, 867, 868, 869, 870, 871, 872, 873, 874, 875, 876, 877, 878, 879, 880, 881, 906, 916, 917, 918, 923, 924, 925, 926, 927, 928, 929, 930, 931, 932, 933, 964, 965, 966, 967, 968, 976, 978, 979, 986

were read on this motion for                          SUMMARY JUDGMENT                          .

The following e-filed documents, listed by NYSCEF document number (Motion 013) 882, 883, 884, 885, 886, 887, 888, 889, 890, 891, 892, 893, 894, 895, 896, 897, 898, 899, 900, 901, 902, 903, 907, 919, 922, 934, 935, 936, 937, 938, 939, 940, 941, 942, 943, 944, 945, 946, 947, 948, 949, 950, 951, 952, 953, 954, 955, 956, 957, 958, 959, 960, 961, 962, 963, 969, 970, 977, 980, 981, 982, 983, 987

were read on this motion for                          SUMMARY JUDGMENT                          .

The court has before it four motions for summary judgment brought pursuant to CPLR § 3212. Defendant Lift Tech Ltd. ("Lift Tech"), by Motion Sequence No. 010, moves for summary judgment pursuant to CPLR § 3212 dismissing the complaint and all cross-claims asserted against

151440/2020   WAISBREN, CHARLES vs. MANHATTAN PROMENADE LLC                          Page 1 of 11
Motion No.  010 011 012 013

1 of 11

it. Lift Tech contends that it owed no duty to plaintiffs or the decedent at the time of the accident. Defendant L.C.D. Elevator Repair Inc. ("L.C.D."), by Motion Sequence No. 011, seeks summary judgment dismissing the complaint and all cross-claims. L.C.D. maintains that it neither created nor had responsibility for the alleged elevator defect and that its limited involvement in inspection or testing cannot, as a matter of law, give rise to liability. Defendants Manhattan Promenade LLC and ATA Enterprises Management Inc. ("Manhattan/ATA"), the owner and managing agent of the building where the incident occurred, move under Motion Sequence No. 012 for summary judgment dismissing the complaint and the cross-claims against them. These defendants argue that they delegated elevator maintenance and inspection responsibilities to specialized contractors and that there is no evidence that they had notice of any dangerous condition. Finally, defendant Fujitec America Inc. ("Fujitec"), by Motion Sequence No. 013, moves for summary judgment dismissing the complaint and all cross-claims, asserting that its maintenance contract for the elevators had terminated several months prior to the accident and that it therefore bore no responsibility for the condition of the elevator at the time of the incident.

Each motion is opposed by plaintiffs and by certain co-defendants, who argue that the record contains numerous disputed factual issues concerning maintenance responsibilities, notice of alleged defects, and the conduct of the various elevator contractors. Having carefully reviewed the extensive submissions of the parties, the court renders the following decision.

## BACKGROUND AND PROCEDURAL HISTORY

This action arises from a tragic elevator accident that occurred on August 22, 2019, at the Manhattan Promenade building located at 344 Third Avenue in Manhattan. According to the pleadings and discovery record, decedent Samuel Waisbren ("decedent") and several other tenants entered an elevator in the building when the elevator allegedly malfunctioned and fell multiple stories. Decedent sustained fatal injuries, and several other occupants claim to have suffered personal injuries.

The plaintiffs include the co-administrators of the decedent's estate as well as several tenants who were present in or near the elevator at the time of the incident. The complaint asserts causes of action sounding in negligence and wrongful death, alleging that the defendants failed to maintain the elevator in a reasonably safe condition.

The defendants include the building owner and managing agent—Manhattan Promenade LLC and ATA Enterprises Management Inc.—as well as several companies involved at various times in the installation, maintenance, inspection, or repair of the building's elevators. Among those entities are Fujitec America Inc., Serge Elevator Co. Inc., American Elevator & Machine Corporation, L.C.D. Elevator Repair Inc., and Lift Tech Ltd.

The record reflects that Fujitec maintained a contract for elevator maintenance at the building from October 31, 2017 until June 21, 2019. After Fujitec's contract expired, American Elevator & Machine Corporation assumed maintenance responsibilities. The elevators underwent regulatory inspections during this period, including Category 1 and Category 5 inspections.[1]

---

[1] Category 1 and Category 5 inspections are mandatory safety tests for elevators, primarily governed by the ASME A17.1 Safety Code and local regulations such as those from the New York City Department of Buildings.

151440/2020 WAISBREN, CHARLES vs. MANHATTAN PROMENADE LLC Page 2 of 11
Motion No. 010 011 012 013

2 of 11

Lift Tech participated in observing L.C.D. conduct the required Category 1 and Category 5 inspections of the elevators in 2019, and also performed a visual evaluation of the subject elevators in August 2018, approximately one year prior to the incident giving rise to plaintiffs' claims. L.C.D. performed work related to inspection and testing shortly before the accident.

Each defendant has asserted cross-claims against the others seeking contribution and common-law and contractual indemnification.

Following extensive discovery, including multiple depositions of building personnel, elevator technicians, and expert witnesses, each of the moving defendants now seeks summary judgment.

## ARGUMENTS

Lift Tech argues that it bears no liability because its role in the elevator system was limited to certain inspection-related activities. Lift Tech contends that it had no operational control over the elevator at the time of the incident and did not create the alleged defect. Plaintiffs and certain co-defendants respond that Lift Tech's own records indicate that it performed inspection-related work in the years leading up to the accident.

L.C.D. argues that its work was limited in scope and that it neither created nor had notice of any dangerous condition. Plaintiffs pleadings dispute this assertion, pointing to inspection records and testimony suggesting that certain mechanical irregularities were observed shortly before the accident.

The owner and managing agent, Manhattan/ATA, argue that they cannot be held liable because the maintenance and repair of the elevators were contractually delegated to specialized elevator contractors. They contend that there is no evidence that they created or had notice of any defect in the elevator system. In support of their motion, they point to inspection records and maintenance reports indicating that the elevators had passed regulatory inspections shortly before the accident.

Plaintiffs oppose this motion, arguing that a property owner cannot evade its duty to maintain safe premises merely by entering into a maintenance contract. Plaintiffs contend that evidence in the record—including testimony concerning the condition of the elevator's braking system and related components—suggests that defects existed prior to the accident and that the owner and managing agent had notice of recurring problems. Plaintiffs further maintain that the existence of such evidence raises questions of fact regarding the adequacy of maintenance and oversight.

Fujitec argues that its maintenance contract terminated approximately two months before the accident and that it therefore had no responsibility for the elevator system at the time of the incident. Plaintiffs respond that evidence in the record suggests that Fujitec had previously identified potential problems with the elevator's braking components and that unresolved issues relating to those components may have contributed to the accident. Plaintiffs argue that these

**151440/2020   WAISBREN, CHARLES vs. MANHATTAN PROMENADE LLC**          **Page 3 of 11**
**Motion No.  010 011 012 013**

3 of 11

[* 3]

circumstances raise factual questions concerning Fujitec's conduct while it served as the maintenance contractor.

The co-defendants further oppose one another's motions to the extent they seek dismissal of cross-claims for contribution and indemnification.

## DISCUSSION

A motion for summary judgment "shall be granted if, upon all the papers and proofs submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR § 3212[b]). "The proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law" (*Dallas-Stephenson v Waisman*, 39 AD3d 303, 306 [1st Dept 2007]). The movant's burden is "heavy," and "on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013][internal quotation marks and citation omitted]). Upon a proffer of evidence establishing a *prima facie* case by the movant, the party opposing a motion for summary judgment bears the burden of producing evidentiary proof in admissible form sufficient to require a trial of material questions of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (*Ruiz v Griffin*, 71 AD3d 1112, 1115 [2d Dept 2010][internal quotation marks and citation omitted]).

In the context of elevator accidents, New York courts have frequently emphasized that an owner's motion may be defeated by showing a defect or notice. For example, in *Isaac v. 1515 Macombs LLC*, 84 AD3d 457, 458 (1st Dept. 2011), the Appellate Division, First Department, recognized that summary judgment against an owner could be denied if proof of a dangerous condition or notice thereof is presented. In short, "the facts must be viewed in the light most favorable to the nonmoving party", and any evidence raising a reasonable inference of negligence precludes judgment as a matter of law (*Schmidt v One N.Y. Plaza Co. LLC*, 153 AD3d 427, 428 [1st Dept 2017]).

## I.     Prima Facie Showings

Each defendant movant has attempted to satisfy the initial burden by identifying relevant contracts, timelines, and expert statements showing no actionable breach of duty on its part.

Lift Tech submits evidence demonstrating that its involvement with the elevator system was confined to discrete inspection-related functions, and that it neither installed nor repaired the system, nor otherwise "launched" any instrumentality of harm following the elevators' installation.

L.C.D. presents its August 2, 2019, inspection report and technician affidavit, which indicate that L.C.D. performed a brake stick test, found no sticking brake, and lifted the brake. L.C.D. contends that it did not create or worsen the brake defect, and its work was limited. Under *Espinal v. Melville Snow Contrs.*'s framework, a subcontractor like L.C.D. owes no duty to the

151440/2020   WAISBREN, CHARLES vs. MANHATTAN PROMENADE LLC                    Page 4 of 11
Motion No.  010 011 012 013

4 of 11

public unless it launched the harm or had an exclusive contract (98 NY2d 136, 140 [2002]). L.C.D. emphasizes that its agreement was not exclusive and that it did not launch any hazard, suggesting it has negated any duty or fault.

The owner/manager defendants assert that they owed no duty to maintain the elevator because they delegated maintenance to contractors. They point to the maintenance agreements: after Fujitec's departure, American Elevator assumed full maintenance and performed mandatory Category 1 and 5 inspections on August 2, 2019. Manhattan/ATA argue that, as out-of-possession landlords, they had no non-delegable duty beyond those contracts (*citing Espinal*, 98 NY2d at 140–41; *Baez v. 1749 Grand Concourse LLC*, 178 AD3d at 522–23). On this record, they attempt to negate negligence by showing that the contractors were responsible and that a recent inspection disclosed no defects.

Fujitec submits its terminated maintenance contract (showing an end date of June 21, 2019) and affidavits confirming it was not on-site after that date. It argues that, as a result, it had no obligations when the accident occurred and cannot be held liable. In the absence of any suggestion that Fujitec "launched" the defect, Fujitec maintains that summary judgment should be granted in its favor.

Each movant thus has presented evidence aimed at negating an essential element of negligence (duty, breach, or notice). If credited, this evidence would support dismissal of plaintiffs' claims against that defendant. However, the mere absence of a duty in a contract does not automatically entitle the movant to judgment; the court must also consider whether the movant has unequivocally eliminated the possibility of negligence. Summary judgment may be granted only if the movant conclusively disproves an element of the plaintiff's case (*Alvarez v. Prospect Hosp.,* 68 NY2d 320, 324). Here, each movant's showing, taken at face value, is sufficient to shift the burden to plaintiffs to demonstrate triable issues.

## II.    Triable Issues of Fact

Upon shifting the burden, plaintiffs (and in some respects co-defendants) have identified numerous factual disputes that preclude summary disposition. These relate both to the underlying negligence claims and to indemnity.

As a threshold matter, the court notes that plaintiffs' direct claims against L.C.D. and Lift Tech have been resolved by way of settlement. Accordingly, the branches of the motions seeking dismissal of the complaint are denied as academic.

The court must therefore consider only whether the cross-claims asserted by the remaining defendants for contribution and common-law indemnification may be dismissed as a matter of law.

Pursuant to General Obligations Law § 15-108, a tortfeasor who has obtained a release from the plaintiff is discharged from liability to any other person for contribution. Accordingly, any cross-claims seeking contribution against L.C.D. and Lift Tech are barred as a matter of law and must be dismissed (*see Raquet v Braun*, 90 NY2d 177, 183 [1997]).

**151440/2020   WAISBREN, CHARLES vs. MANHATTAN PROMENADE LLC**                    **Page 5 of 11**
**Motion No.  010 011 012 013**

5 of 11

However, the statute does not automatically extinguish claims for common-law indemnification, which may remain viable where a party's liability would be purely vicarious (*see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 374-375 [2011]). Accordingly, the court must determine whether L.C.D. and Lift Tech have demonstrated, as a matter of law, that they cannot bear responsibility for the alleged elevator malfunction.

The record establishes that L.C.D. performed Category 1 and Category 5 testing of the subject elevators on August 2, 2019, while Lift Tech was retained to witness those tests, approximately three weeks before the accident. Plaintiffs' submissions further indicate that the elevators had experienced ongoing operational problems and service calls in the months preceding the incident, raising questions as to whether the condition that ultimately caused the brake failure existed at the time of the inspection and testing.

Although L.C.D. and Lift Tech contend that their roles were limited to regulatory testing and witnessing functions and that they neither maintained nor repaired the elevators, those assertions do not eliminate all triable issues of fact as to their potential responsibility. A contractor may be liable to third parties where its work creates or exacerbates a dangerous condition or otherwise constitutes the launching of an instrument of harm (*Espinal v Melville Snow Contrs., Inc.*, 98 NY2d 136, 140 [2002]). Whether the inspection and testing performed here were adequate under the circumstances—and whether any defect that contributed to the accident should have been detected during those procedures—presents factual questions that cannot be resolved on this record.

Indeed, the Appellate Division, First Department has recognized that questions of fact may arise where an elevator contractor's inspection or maintenance responsibilities bear a potential relationship to the mechanical failure alleged (*Medinas v MILT Holdings LLC*, 131 AD3d 121, 126 [1st Dept 2015]). Here, the proximity between the August 2 testing and the catastrophic elevator failure on August 22, coupled with evidence of persistent elevator malfunctions, precludes a finding as a matter of law that the inspections performed by L.C.D. and witnessed by Lift Tech were unrelated to the conditions that caused the accident.

Because issues of fact remain as to whether the work performed by L.C.D. and Lift Tech may have contributed to the dangerous condition alleged, the court cannot determine as a matter of law that they bear no responsibility for the accident. In turn, the remaining defendants' common-law indemnification claims cannot be dismissed at this stage.

Accordingly, while the cross-claims for contribution against L.C.D. and Lift Tech are dismissed pursuant to General Obligations Law § 15-108, the motions are otherwise denied to the extent they seek dismissal of the cross-claims for common-law indemnification.

With respect to Manhattan/ATA, plaintiffs' submissions reveal conflicting evidence about what Manhattan/ATA knew or should have known about the elevator's condition. Plaintiffs' experts opine that the emergency brake system was "predeteriorated" well before August 22, 2019, suggesting that the owners had notice of a potentially dangerous defect. Technicians including American Elevator personnel testified to seeing unusual brake wear; Fujitec's personnel allegedly reported brake pad wear requiring replacement. The owners' cross-defendants concede that

151440/2020   WAISBREN, CHARLES vs. MANHATTAN PROMENADE LLC                    Page 6 of 11
Motion No.  010 011 012 013

6 of 11

Manhattan/ATA were told of brake issues (via McNamara's reports and Fujitec's proposals). If Manhattan/ATA had actual or constructive notice of a defective brake, they may have been negligent for failing to act. The Appellate Division, First Department, has held that even a single report of a mis-leveling or mechanical defect can preclude summary judgment, requiring further investigation (*Isaac*, 84 AD3d at 457-58). Here, the record contains disputed testimony and conflicting expert opinions about when and whether any brake failure was observable. Moreover, Manhattan/ATA have not shown as a matter of law that their reliance on contractors was exclusive and dispositive. *Baez* itself recognized that a landlord's contract with a maintenance company may not fully eliminate the landlord's duty if the agreement is not comprehensive (178 AD3d at 522–23). In short, genuine issues of fact exist as to notice and duty that must be resolved by the trier of fact. Because there is doubt about whether Manhattan/ATA had notice or could have prevented the defect, their motion cannot succeed (*see Isaac*, 84 AD3d at 457-58).

Fujitec's fundamental position is that its contract ended before June 21, 2019, thus it cannot be liable for an accident occurring later. On this prima facie record, that fact is undisputed. However, the plaintiffs and Manhattan/ATA have produced evidence suggesting Fujitec's work may have left an unresolved defect. The brake component that allegedly failed was identified as faulty while Fujitec was still the contractor. Fujitec had recommended replacing that part, but the building apparently refused or deferred the repair. This mirrors the facts in *Baez*, where the elevator contractor found missing door parts and recommended replacement, but was barred by its contract from doing the work. Under those circumstances, a contractor who knows of a hazard may arguably owe some duty if it fails to correct it. Here, plaintiffs argue that Fujitec "knew of the defect" (pad wear) but could not proceed because the owner withheld authorization. Appellate Division, First Department cases (*e.g. Baez*, 178 AD3d at 522–23) indicate that if an owner insists on a nonexclusive contract, the owner's obligation to maintain safety remains. Even if Fujitec's formal contract ended, plaintiffs point to communications and performance suggesting an ongoing role, raising a question of contract extension or course of dealing (*see Podhaskie v. Seventh Chelsea Assoc.*, 3 AD3d 361, 363 [1st Dept 2004]). If the brake failure that caused the accident was developing prior to June 21, 2019, Fujitec's involvement could be relevant. In short, Fujitec's evidence of contract termination is countered by evidence that it identified the dangerous condition and remained involved in the system. Fujitec has not conclusively negated negligence. Accordingly, its motion is denied.

## III.    Indemnity and Contribution

Manhattan/ATA assert cross-claims against Lift Tech, L.C.D, Fujitec, Serge Elevator, and American Elevator for contractual indemnification, common-law indemnification, and contribution. Although no party has separately moved for summary judgment directed solely at those cross-claims, the court must address their viability in light of the present motions and the settlements reached with Lift Tech and L.C.D.

As discussed above, plaintiffs' direct claims against Lift Tech and L.C.D. have been resolved by settlement. Accordingly, pursuant to General Obligations Law § 15-108, any cross-claims seeking contribution against those settling defendants are barred and must be dismissed (see *Raquet v Braun*, 90 NY2d 177, 183 [1997]). However, the statute does not extinguish claims

151440/2020   WAISBREN, CHARLES vs. MANHATTAN PROMENADE LLC                Page 7 of 11
Motion No.  010 011 012 013

7 of 11

for common-law indemnification, which may remain viable where a party's liability is purely vicarious (*see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 374–375 [2011]).

Common-law indemnification permits a party who has been held liable solely by operation of law to shift that liability to the party who was actually negligent (*Mas v Two Bridges Assoc.*, 75 NY2d 680, 690 [1990]). Here, whether Manhattan/ATA would be considered purely passive is itself disputed. The record reflects competing evidence regarding the extent to which the building owner and managing agent exercised oversight of the elevator system, including the retention and supervision of maintenance contractors. If it is ultimately determined that an elevator contractor was the sole active wrongdoer, Manhattan/ATA could potentially obtain indemnification. Conversely, if Manhattan/ATA are found to have been independently negligent—for example, in failing to address known elevator problems or in the manner in which they supervised the contractors—common-law indemnification would be unavailable. Because those issues turn on disputed questions of fact concerning the parties' respective roles and responsibilities, they cannot be resolved on this motion record.

With respect to contractual indemnification, Manhattan/ATA rely principally on the elevator maintenance agreement with Fujitec. Fujitec contends that its contract expired before the accident occurred, while Manhattan/ATA argue that the parties' course of dealing—including bid proposals and continuing negotiations—raises a question as to whether the contractual relationship remained operative or was intended to extend beyond the formal expiration date. The Appellate Division, First Department, has recognized that issues of fact may arise concerning the continued effect or scope of an indemnification agreement where the parties' conduct suggests the contractual relationship persisted beyond its stated term (*see Podhaskie v Seventh Chelsea Assoc.*, 3 AD3d 361, 363 [1st Dept 2004]). On the present record, those questions cannot be resolved as a matter of law.

Finally, the remaining cross-claims for contribution against the non-settling defendants—including Fujitec, Serge Elevator, and American Elevator—likewise cannot be determined at this stage, as contribution depends upon the relative allocation of fault among the parties (*see* CPLR § 1401). Because the underlying negligence issues remain unresolved, any determination regarding apportionment would be premature.

In sum, while the settlements with Lift Tech and L.C.D. require dismissal of the contribution claims against those defendants pursuant to General Obligations Law § 15-108, the cross-claims for common-law indemnification against them, as well as the remaining cross-claims against the other defendants, cannot be resolved on this record and therefore remain for determination at trial.

## IV.     Other Considerations

No motions were made on any other bases (such as jurisdiction or forum *non conveniens*), and none of the parties have raised collateral estoppel or *res judicata* defenses at this stage. The motions were under CPLR § 3212 (and Lift Tech mentioned CPLR § 3211[a][7] analogously), and all have been considered under the summary judgment standards outlined above.

**151440/2020   WAISBREN, CHARLES vs. MANHATTAN PROMENADE LLC**                **Page 8 of 11**
**Motion No.  010 011 012 013**

8 of 11

Finally, defendants argue that certain categories of damages sought by the passenger-plaintiffs should be dismissed as a matter of law, contending principally that the passengers could not recover for emotional distress and that the claim for punitive damages should be stricken prior to trial. In particular, defendants attempt to characterize the passenger-plaintiffs as mere "bystanders" to the fatal injuries suffered by decedent, asserting that any emotional harm they experienced was legally insufficient and that the claims did not satisfy the requirements of the "zone-of-danger" doctrine. Defendants further contend that punitive damages are unwarranted because the conduct alleged amounted, at most, to ordinary negligence.

These arguments are unpersuasive. New York law recognizes that damages for negligent infliction of emotional distress may be recovered where emotional harm is the direct consequence of a defendant's breach of duty and the circumstances provide a sufficient guarantee of genuineness, even in the absence of accompanying physical injury (*see Ornstein v. New York City Health & Hosps. Corp.*, 10 NY3d 1, 4 [2008]; *Battalla v. State of New York*, 10 NY2d 237 [1961]). Courts have repeatedly acknowledged that traumatic events capable of causing acute fear for one's personal safety may satisfy this standard where the resulting distress is readily understandable and objectively verifiable (*see Brown v. New York Design Ctr., Inc.*, 215 AD3d 1 [1st Dept 2023]). Here, the evidentiary record—including deposition testimony and the incident video—contains substantial proof that the passenger-plaintiffs experienced extreme fear for their own lives during the elevator malfunction and that they allegedly continue to suffer significant psychological effects thereafter. Defendants' attempt to reframe those passengers as "bystanders," or to rely on their precise positioning within the elevator cab, misconstrues the nature of the claims asserted, which are premised on the direct risk to the passengers' own safety rather than solely on their witnessing of another's injury.

Nor is dismissal of the punitive damages claim warranted at this stage. Under well-established precedent, punitive damages may be awarded where a defendant's conduct evinces a high degree of moral culpability or demonstrates a wanton or reckless disregard for the safety of others (*see Walker v. Sheldon*, 10 NY2d 401, 405 [1961]; *Rocanova v. Equitable Life Assur. Socy.*, 83 NY2d 603, 613 [1994]; *New York Univ. v. Continental Ins. Co.*, 87 NY2d 308, 315-316 [1995]). Courts have recognized that such relief may be appropriate where defendants allegedly ignore dangerous conditions on their premises despite knowledge of the risk posed to occupants (*see e.g. Gruber v. Craig*, 208 AD2d 900, 901 [2d Dept 1994]; *Solis-Viana v. Notias*, 71 AD3d 868 [2d Dept 2010]). Given the allegations in the record that the elevator condition developed over time and that defendants failed to remedy the hazard despite their nondelegable duty to maintain the elevator in a reasonably safe condition, the question of punitive damages presents factual issues properly reserved for the trier of fact. Accordingly, defendants' request to foreclose these categories of damages as a matter of law is denied.

Accordingly, it is hereby

ORDERED that Motion Sequence No. 010 by defendant Lift Tech Ltd. for summary judgment dismissing the complaint and cross-claims is denied as academic to the extent it seeks dismissal of the complaint in light of the settlement of plaintiffs' claims against Lift Tech Ltd.; and it is further

151440/2020   WAISBREN, CHARLES vs. MANHATTAN PROMENADE LLC                Page 9 of 11
Motion No.  010 011 012 013

9 of 11

[* 9]

ORDERED that, pursuant to General Obligations Law § 15-108, any cross-claims for contribution against defendant Lift Tech Ltd. are dismissed; and it is further

ORDERED that Motion Sequence No. 010 is otherwise denied to the extent it seeks dismissal of the cross-claims for common-law indemnification; and it is further

ORDERED that Motion Sequence No. 011 by defendant L.C.D. Elevator Repair Inc. for summary judgment dismissing the complaint and cross-claims is denied as academic to the extent it seeks dismissal of the complaint in light of the settlement of plaintiffs' claims against L.C.D. Elevator Repair Inc.; and it is further

ORDERED that, pursuant to General Obligations Law § 15-108, any cross-claims for contribution against defendant L.C.D. Elevator Repair Inc. are dismissed; and it is further

ORDERED that Motion Sequence No. 011 is otherwise denied to the extent it seeks dismissal of the cross-claims for common-law indemnification; and it is further

ORDERED that Motion Sequence No. 012 by defendants Manhattan Promenade LLC and ATA Enterprises Management Inc. for summary judgment dismissing the complaint and cross-claims is denied; and it is further

ORDERED that Motion Sequence No. 013 by defendant Fujitec America Inc. for summary judgment dismissing the complaint and cross-claims is denied; and it is further

ORDERED that the action shall continue as against the remaining defendants consistent with this decision and order; and it is further

ORDERED that all remaining relief not expressly granted herein is denied; and it is further

ORDERED that the remaining parties are directed to appear for a settlement conference before the court on Thursday March 19, 2026 at 10:00 AM; and it is further

ORDERED that, in advance of the settlement conference and no later than Wednesday, March 11, 2026, plaintiffs shall provide to the court a flash drive containing a hard copy of the incident video, which was previously submitted by email as Exhibit B to Motion Sequence No. 012 (NYSCEF Doc. No. 926); and it is further

ORDERED that all counsel appearing for the settlement conference shall have full settlement authority, or shall be accompanied by a representative with full settlement authority; and it is further

ORDERED that counsel shall be fully familiar with the facts, claims and defenses, and the procedural posture of the case; and it is further

ORDERED that all parties shall appear in person with their counsel at the settlement conference, unless otherwise directed by the court; or, in the alternative, shall be available by

151440/2020   WAISBREN, CHARLES vs. MANHATTAN PROMENADE LLC          Page 10 of 11
Motion No.  010 011 012 013

10 of 11

telephone for immediate consultation and communication regarding settlement during the conference.

This constitutes the decision and order of the court.

| 3/6/2026 | | | |
|---|---|---|---|
| DATE | | | MASA A. KINGO, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

151440/2020   WAISBREN, CHARLES vs. MANHATTAN PROMENADE LLC
Motion No.  010 011 012 013

Page 11 of 11

11 of 11